IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RICHLAND BOOKMART, INC., ) | | |
| d/b/a TOWN AND COUNTRY | | |
| BOOKSTORE; KNOXVILLE ) | | |
| ADULT VIDEO SUPERSTORE, | | |
| INC.; and GREG TURNER, d/b/a ) | | |
| RAYMOND'S PLACE, | | |
| ) | | |
| Plaintiffs | | |
| ) | | |
| v. ) | No. 3:05-cv-229 | |
| KNOX COUNTY, ) | | |
| Defendant ) | | |

## CERTIFICATION ORDER

Upon consideration of plaintiffs' amended complaint and the circumstances of this case, this court finds (1) that there are questions of Tennessee law which will be determinative of this cause of action and (2) that there are no squarely controlling precedents in the decisions of the Supreme Court of Tennessee.

I.

*Statement of Facts*

The Tennessee General Assembly provides for each Tennessee county the right to charter at T.C.A. §§ 5-1-201 to 5-2-215 (2005). This enabling legislation

requires that the Charter "result in the creation and establishment of an alternate form of county government to perform all of the governmental and corporate functions previously performed by the county." T.C.A. § 5-1-203(c).

In accordance with the enabling legislation, the Knox County Charter Commission was created by proclamation of the then-Knox County Executive on July 15, 1988. The Charter Commission prepared and filed the proposed Charter. The Charter referendum was held on November 8, 1988, with the Charter being approved by a majority of those voting in the referendum. However, the Charter was never certified and registered under the enabling legislation.

Effective September 1, 1990, Knox County operated its government under the Charter, adopted amendments to the Charter, and passed ordinances and enforced them under the Charter. On March 28, 2005, Knox County Commission adopted Ordinance No. 0-05-2-102, AN ORDINANCE OF THE COMMISSION OF KNOX COUNTY, TENNESSEE, ESTABLISHING LICENSING REQUIREMENTS AND REGULATIONS FOR SEXUALLY ORIENTED BUSINESSES WITHIN KNOX COUNTY. On May 3, 2005, plaintiffs Richland Bookmart and Knoxville Adult Video Superstore, Inc., filed their original complaint in this case seeking declaratory and injunctive relief challenging the constitutionality of that ordinance on U.S. constitutional and Tennessee constitutional grounds.

On June 9, 2006, the Knox County Chancery Court issued an opinion declaring the Knox County Charter to be incomplete, invalid and ineffective upon determining that the Knox County Charter fails to comply with the State enabling legislation. In that same opinion, the Chancellor certified that issue as a final judgment pursuant to Rule 54.02, Tennessee Rules of Civil Procedure.

On June 28, 2006, the plaintiffs in the case pending before this court amended their complaint to allege that in light of the opinion in *Jordan, et al, v. Knox County, et al.*, the adult business ordinance, and amendments thereto are invalid and unenforceable.

The court finds that the questions set forth below have not been addressed by the Tennessee Supreme Court and may resolve all issues of federal and state law pending in this action. The court further finds that resolution of these issues on an immediate basis is essential to the well-being of the citizens of Knox County in that the ruling in *Jordan* leaves those citizens without an effective county government and calls into question the validity of not only the Knox County Charter, but also amendments thereto and ordinances enacted thereunder.

## II.

### *Questions of Law to be Certified*

(1) Whether the Knox County Charter fails to comply with the State enabling legislation and is therefore invalid?

(2) If the answer to Question #1 is "yes," whether the Charter should be considered effective as a de facto charter or under other principles of equity?

## III.

### *Names of Parties*

Plaintiffs: Richland Bookmart, Inc., d/b/a Town and Country Bookstore; Knoxville Adult Video Superstore, Inc.; and Greg Turner, d/b/a Raymond's Place.

Defendant: Knox County, Tennessee.

## IV.

### *Names, Addresses and Telephone Numbers of Counsel for Parties*

Counsel for Plaintiffs:    Frierson M. Graves, Jr.
165 Madison Avenue
Suite 2000
Memphis, TN 38103
901/526-2000

Joseph J. Levitt, Jr.
825 North Central Street
Knoxville, TN 37917
865/524-7497

Michael F. Pleasants

|  |  |
|---|---|
|  | Law Office of Michael Pleasants<br>8 South Third Street, Suite 200<br>Memphis, TN  38103<br>901/572-7332 |
| Counsel for Defendant: | Scott D. Bergthold<br>Law Office of Scott D. Bergthold, PLLC<br>8052 Standifer Gap Road, Suite C<br>Chattanooga, TN  37421-1262<br>423/899-3025 |

IV.

*Moving Party*

The plaintiffs shall be designated as the "moving parties."

Accordingly, the court ORDERS that the questions listed above be certified to the Supreme Court of Tennessee and forwarded to the Clerk of the Supreme Court of Tennessee pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee.

DATED:  June 28, 2006.

**E N T E R :**

    *s/  James H. Jarvis*
UNITED STATES DISTRICT JUDGE